**UNITED STATES DISTRICT COURT**

------------------------------------------------------------------X

P HH Mortgage Corporation

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

ROSE MARIE SABANGAN, et al.,

*(In the space above enter the full name(s) of the defendant(s).)*

------------------------------------------------------------------X

**SOUTHERN DISTRICT OF NEW YORK**

25 cv 10507 (PAE) ( )

**ANSWER TO FORECLOSURE COMPLAINT ☑ AND COUNTERCLAIMS**

*[Defendant: Check this box if you checked any item in the "counterclaim" section below]*

## RESPONSES TO ALLEGATIONS

*(INSTRUCTIONS: Each numbered paragraph in the following section is your response to the corresponding numbered paragraph in the complaint. Check the box before the choice ("admits," "denies," or "lacks sufficient knowledge or information sufficient to form a belief as to the truth of") that is the best answer for each paragraph. Add additional pages if necessary.)*

1. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant ☑ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendant □ admits / □ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendant ☑ admits / □ denies / □ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendant ☐ admits / ☐ denies / ☑ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendant ☑ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Defendant ☐ admits / ☐ denies / ☐ lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

*(Add additional pages if the complaint has additional paragraphs – see add'l page below.)*
## DEFENSES TO COMPLAINT

*(INSTRUCTIONS: Check the box next to any defense that applies. Some defenses listed below are available only for specific mortgage types. You may add sheets of paper to state the facts and bases for any such defenses or to state additional defenses or facts relevant to your defense of the case.)*

☑ **Lack of Standing**: Plaintiff, upon information and belief, was not the legal owner of the note and/or mortgage, and did not otherwise have the right to enforce the mortgage, at the time it commenced this foreclosure lawsuit and therefore lacks standing.

☑ **Lack of Diversity Jurisdiction (**28 U.S.C. § 1332): Upon information and belief, this Court lacks subject matter jurisdiction over this action because there is common citizenship between at least one defendant and one plaintiff or because less than $75,000 is in controversy in this matter.

☐ **Failure to State a Claim**: Plaintiff has not pleaded that it owns the note and mortgage, which is an element of a foreclosure cause of action, and it therefore has failed to state a claim.

☐ **Failure to Join an Indispensable Party**: Plaintiff has failed to join in this action a person in whose absence the court cannot accord complete relief among existing parties or a person whose own interests would be adversely affected if not joined.

☐ **Statute of Limitations** (NY Civil Practice Law and Rules § 213(4)): Plaintiff may not sue on all or part of the mortgage debt because Plaintiff, upon information and belief, commenced this action more than six years after the debt matured, was accelerated, the payment was due, or all or part of the debt otherwise became due.

☐ **Lack of Personal Jurisdiction/Service of Process** (Rule 5 of the Federal Rules of Civil Procedure): I was not properly served with process in this action for the following reason(s):

_____

_____

_____

4

- **Prior Pending Action and/or Election of Remedies**: Plaintiff impermissibly commenced this action because there is a prior pending action to recover all or part of the mortgage debt or this action is barred by NY Real Property Actions and Proceedings Law § 1301.

- **No Default/Payment or Partial Payment**: I have paid, in whole or in part, the amounts claimed by Plaintiff, or the amounts claimed by Plaintiff are not due, or the loan is otherwise not in default.

- ☑ **Action Requires Settlement Conference Pursuant to New York State Law** (NY Civil Practice Law and Rules § 3408): This foreclosure action is subject to a mandatory settlement conference requirement under the laws of the State of New York, which provides the defendant an additional thirty days from the first settlement conference in which to interpose an answer to the complaint. This matter may not proceed until exhaustion of the settlement conference process mandated by NY Civil Practice Law and Rules § 3408.

- ☑ **Certificate of Merit Requirement** (NY Civil Practice Law and Rules § 3012-b): Upon information and belief, Plaintiff failed to comply with the Certificate of Merit requirements of NY Civil Practice Law and Rules § 3012-b.

- **Excessive Interest and Fees** (NY Civil Practice Law and Rules § 3408(f)): In a prior foreclosure action, Plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f). This failure to negotiate in good faith has caused excessive interest and fees to accrue which Plaintiff, as a matter of equity and by operation of the laws of the State of New York, is not entitled to recover.

- **Excessive Interest** (NY Civil Practice Law and Rules § 5001(a)): Plaintiff has unreasonably delayed filing this action or engaged in other dilatory conduct causing excessive interest to accrue which the Court may reduce or toll, as a matter of equity and pursuant to the laws of the State of New York.

- **Action Commenced Against a Deceased Party**: This action is a nullity because it was commenced against _____ after that party was already deceased and before a personal representative was appointed and it should therefore be dismissed.

5

☐ **Coronavirus Foreclosure Moratoriums/Forbearance and Loss Mitigation Programs**: Plaintiff failed to comply with federal or New York State law requiring forbearance and loss mitigation programs for borrowers impacted by the Coronavirus pandemic, or it commenced this action in violation of federal or New York State law imposing moratoriums on the commencement of residential foreclosure actions, or otherwise in violation of any federal or state law or applicable Executive Order promulgated by the Governor of New York.

### Defenses to Foreclosures of Reverse Mortgages

☐ **Reverse Mortgage--Notice Requirements:** Plaintiff failed to comply with the notice requirements under New York and/or federal law or failed to comply with contractual requirements of the reverse mortgage, which are conditions precedent to this foreclosure action.

☐ **Reverse Mortgage—Failure to Specify Alleged Default**: The complaint is vague and does not specify the alleged default and/or the amount(s) plaintiff claims in this action.

☐ **Reverse Mortgage—Foreclosure on a Reverse Mortgage for Property Charge Defaults is Against Public Policy:** The purpose of reverse mortgage loans under the Home Equity Conversion Mortgage ("HECM") program is to assist senior citizens to stay in their homes, and reverse mortgage lenders have other remedies in the event of alleged failure to pay property charges. Plaintiff, accordingly, as a matter of equity and public policy, should not be permitted to foreclose.

☐ **Reverse Mortgage—NY Real Property Law § 280-b:** Plaintiff and/or its predecessor-in-interest, upon information and belief, violated the requirements of NY Real Property Law § 280-b, compliance with which is a condition precedent to commencing an action to foreclose on a reverse mortgage loan covered by that statute, mandating dismissal of this foreclosure action, which defense also supports the separately pleaded counterclaim for damages under NY Real Property Law § 280-b.

6

## Defenses Concerning Predicate Notices/Conditions Precedent

☑ **Notice of Default**: Plaintiff failed to comply with the requirements for the notice of default in my mortgage loan agreement, a condition precedent to this foreclosure action.

☐ **90-Day Notice Requirement** (NY Real Property Actions and Proceedings Law § 1304): Plaintiff failed to comply with the requirements of NY Real Property Actions and Proceedings Law § 1304, a condition precedent to this foreclosure action.

☐ **90-Day Notice Filing Requirement** (NY Real Property and Proceedings Law § 1306): Plaintiff failed to comply with the requirements of NY Real Property and Proceedings Law § 1306, a condition precedent to this foreclosure action.

☑ **Help for Homeowners in Foreclosure Notice Requirement** (NY Real Property Actions and Proceedings Law § 1303): Plaintiff failed to comply with the requirements of NY Real Property and Proceedings Law § 1303, a condition precedent to this foreclosure action.

## Defenses Based Violations of Real Estate Settlement Procedures Act

☐ **Real Estate Settlement Procedures Act Early Intervention Requirement** (12 C.F.R. § 1024.39): Upon information and belief, Plaintiff violated the early intervention requirements of the Real Estate Settlement Procedures Act because (*check one or both if applicable*):

    ☐ Within 36 days of my delinquency, the loan servicer did not attempt to establish live contact with me to inform me about the availability of loss mitigation options.

    ☐ Within 45 days of my delinquency, the loan servicer did not send me a written notice that included contact information for the servicer, a description of loss mitigation options available from the servicer, information about applying for loss mitigation, and a website listing housing counselors.

☐ **Real Estate Settlement Procedures Act Pre-Foreclosure Review Requirement** (12 C.F.R. § 1024.41): Plaintiff impermissibly filed this foreclosure during the pre-foreclosure review period because (*check one or both if applicable*):

7

☐   Plaintiff commenced this action before my loan was more than 120 days delinquent.

☐   I submitted a complete loss mitigation application to my loan servicer but Plaintiff commenced this action (1) before the loan servicer made a decision on that application, (2) before the time period to appeal the loan servicer's decision lapsed, or (3) before the loan servicer made a decision on an appeal I submitted in connection with the loss mitigation application.

### Defenses to Foreclosure on FHA-Insured Loans

☑ **FHA Pre-Foreclosure Requirements**: My loan is insured by the Federal Housing Administration. Upon information and belief, the loan servicer/mortgagee has not complied with regulations of the Department of Housing and Urban Development because the loan servicer/mortgagee did not do one or more of the following (*check all that are applicable*):

☐   Send me a notice of default before the end of the second month of my delinquency (24 C.F.R. § 203.602).

☑   Attempt to arrange a face-to-face interview with me before three full monthly installments due under the mortgage were unpaid (24 C.F.R. § 203.604).

☑   Evaluate me for loss mitigation before four full monthly installments due under the mortgage were unpaid (24 C.F.R. § 203.605).

☐   Wait until three full monthly installments due under the mortgage were unpaid before commencing this foreclosure action (24 C.F.R. § 203.606).

### Equitable Defenses

☐   **Unclean Hands and/or Unconscionability:** This action is barred by the doctrine of unclean hands and/or unconscionability for the following reason(s):

_____

_____

_____

_____

☐   **Implied Covenant of Good Faith and Fair Dealing:** Plaintiff or its predecessor-in-interest violated the covenant of good faith and fair dealing implied in all contracts and is barred from recovery in this action for the following reason(s):

8

_____

_____

_____

_____

☐ **Other Defenses or Counterclaims** *(attach additional pages if needed):*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## COUNTERCLAIMS

*(INSTRUCTIONS: If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you may check the box next to any counterclaim that applies. You may add sheets of paper to state the facts and bases for any such claims or to state additional claims.)*

1. ☐ **Quiet Title/Cancel and Discharge the Mortgage**: The statute of limitations for commencement of this foreclosure action on the subject mortgage has expired because Plaintiff, upon information and belief, commenced this action more than six years after it accelerated the mortgage debt or after the debt otherwise became due. Plaintiff is not in possession of the mortgaged property and I am the owner of the property and therefore am

9

entitled to a judgment cancelling and discharging the mortgage and adjudging the property free of any encumbrance by such mortgage pursuant to NY Real Property Actions and Proceedings Law § 1501(4).

2.  ☐  **Violations of NY Real Property Law § 280-b:** I have been injured by reason of Plaintiff's and/or its predecessor-in-interest's violations of NY Real Property Law § 280-b or the rules and regulations of the federal Department of Housing and Urban Development relating to the home equity conversion mortgage program and I am therefore entitled to recover treble and actual damages, in addition to reasonable attorneys' fees if I retain an attorney, in an amount to be proven at trial.

3.  ☑  **Attorney's Fees** (NY Real Property Law § 282): If I retain counsel, I am entitled to recover my attorney's fees in defending this action pursuant to New York Real Property Law § 282.

Wherefore, Defendant requests that the Complaint be dismissed; that the relief requested by Defendant be granted in its entirety; that Defendant be granted costs and attorneys' fees if he or she retains counsel; and any other relief allowed by law deemed just and proper by this Court in the exercise of its equity jurisdiction in this foreclosure action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  _New York, NY_
        *(City/Town and State where signed)*

        _February 2, 2026_
        *(Date)*

_Rose Marie Sabang_
*Signature of Defendant*

_345 8th AVENUE 3J_
*Street Address*
_NEW YORK, NY 10001_
*City/State/Zip*
_646 234 7329_
*Telephone Number*
_ROSESABANGAN@GMAIL.COM_
*E-mail Address (if you have one)*

☑  *Prepared with the assistance of counsel admitted in New York.*

10

UNITED STATES DISTRICT COURT
~~EASTERN~~ DISTRICT OF NEW YORK
SOUTHERN
-------------------------------------------------------------X

PHH Mortgage Corporation

*(In the space above enter the full name(s) of the plaintiff(s).)*

25 cv 10507 (PAE) ( )

**NOTICE OF APPEARANCE**

- against -

ROSE MARIE SABANGAN, et al.,

*(In the space above enter the full name(s) of the defendant(s).)*

-------------------------------------------------------------X

Please take notice that I, _ROSE MARIE SABANGAN_ a defendant in this action, hereby appear *pro se* and that all future correspondence and papers in connection with this action are to be directed to me at the address indicated below.

Dated: _NEW YORK_, _NY_
*(City/Town and State where signed)*

_February 2, 2026_
*(Date)*

_Rose Marie Sabangan_
*Signature of Defendant*

_345 8th AVENUE 3J_
*Street Address*
_NEW YORK NY 10001_
*City/State/Zip*
_646 234 7329_
*Telephone Number*
_ROSE SABANGAN@ GMAIL.COM_
*E-mail Address (if you have one)*

11